Honorable John C. Coughenour, Judge

US DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| REPLY S.P.A, <br><br> Plaintiff, <br><br> vs. <br><br> SENSORIA INC., AND SENSORIA HOLDINGS LTD., DR DAVIDE VIGANO, AND MAURIZIO MACAGNO, <br><br> Defendants. | Civil Action No. 2:19-cv-00450 <br><br> DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b) OR FOR CHANGE OF VENUE <br><br> **NOTE ON MOTION CALENDAR:** <br> **May 17, 2019** |

### I.  DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b) OR FOR CHANGE OF VENUE

COME NOW Defendants Sensoria Inc. ("Sensoria"), Sensoria Holdings Ltd. ("Sensoria Holdings"), Dr. Davide Vigano ("Vigano"), and Maurizio Macagno ("Macagno"), and pursuant to FRCP 12(b), move this Court for an Order dismissing the claims contained in Plaintiff Reply S.P.A.'s ("Reply's") Verified Complaint (the "Complaint") for want of subject-matter jurisdiction, improper venue and under the doctrine of forum non conveniens. Alternatively, Defendants request the Court enter an Order changing the venue for such claims pursuant to the forum-selection clause contained in the contracts at issue, the aforementioned doctrine of forum

MOTION
Sensoria.480.002 - 1

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM

non conveniens and 28 U.S.C.S. § 1404(a). Defendants also request an award of attorney's fees and costs.

Defendants base this Motion on the Memorandum appended below and the pleadings of record in this matter, including the Verified Complaint and all Exhibits thereto.

## II. MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b) OR FOR CHANGE OF VENUE

### INTRODUCTION AND RELIEF REQUESTED

This matter arises from a corporate dispute between Plaintiff, a publicly-traded Italian corporation, and Defendants, a Delaware corporation and a Nevada limited liability company and certain of its Directors, involving a Stock Purchase Agreement and two Infragroup Loan Agreements. See Complaint at Exhibits A, B and C. As set forth below, the Stock Purchase Agreement contemplates litigating any disputes subject to the laws and jurisdiction of Delaware. The Infragroup Loan Agreements contemplate litigating any disputes subject to the laws and jurisdiction of Turin, Italy. Plaintiff's claims all arise under or are derived from those two sets of contracts. Accordingly, their Complaint should be dismissed for want of subject-matter jurisdiction, improper forum and forum non conveniens. Alternatively, the venue for pursuing appropriate claims should be moved to Delaware and Italy pursuant to the contracts at issue, doctrine of forum non conveniens and 28 U.S.C.S. § 1404(a).

### RELEVANT FACTS

1. <u>Parties</u>. Reply is a publicly-traded Italian corporation with its principal place of business in Turin, Italy. Complaint at ¶ 1.

Sensoria is a U.S. corporation with citizenship in the State of Delaware. <u>Id</u>. at ¶ 2 Sensoria Holdings is a U.S. limited liability company with its citizenship in Nevada. <u>Id</u>. at ¶ 3.

MOTION
Sensoria.480.002 - 2

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824    FAX (206) 694-4601
PVAIL@PVAILLAW.COM

Vigano and Macagno are Directors of Sensoria. Id. at ¶¶ 27 and 29.

2. <u>Choice of Law and Forum Selection Clause in Stock Purchase Agreement</u> Reply acquired certain Preferred Stock exclusively in Sensoria under the Stock Purchase Agreement dated July 18, 2014 (the "Purchase Agreement"). Id. at Exhibit A.

Paragraph 7.1 of that Purchase Agreement is a specific choice of law and forum selection clause under which the Parties agreed: (a) Delaware law governed that Agreement; (b) any action brought under or relating to that Agreement would be filed in Delaware; and (c) that a jury trial was waived. Id. More particularly, that Paragraph specifically provides as follows:

> 7.1    Governing Law.    This Agreement shall be governed by and construed under the laws of the State of Delaware in all respects as such laws are applied to agreements among Delaware residents entered into and performed entirely within Delaware. The parties agree that any action brought by either party under or in relation to this Agreement, including without limitation to interpret or enforce any provision of this Agreement, shall be brought in, and each party agrees to and does hereby submit to the jurisdiction and venue of, any state court located in Wilmington, Delaware or any federal court located in the District of Delaware.    THE PARTIES TO THIS AGREEMENT HEREBY WAIVE THEIR RIGHT TO A TRIAL BY JURY WITH RESPECT TO DISPUTES ARISING UNDER THIS AGREEMENT AND THE RELATED AGREEMENTS AND CONSENT TO A BENCH TRIAL WITH THE APPROPRIATE JUDGE ACTING AS THE FINDER OF FACT.

Id.

3. <u>Choice of Law and Forum Selection Clause in Infragroup Loan Agreements</u>. Reply loaned money exclusively to Sensoria under two Infragroup Financing Contracts dated March 2, 2016 and October 18, 2016, respectively (the "Infragroup Loan Agreements"). Id. at Exhibits B and C.

Paragraphs 8.1 and 8.2 of the Infragroup Loan Agreements are identical and specifically

MOTION
Sensoria.480.002 - 3

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824    FAX (206) 694-4601
PVAIL@PVAILLAW.COM

contemplated that: (a) Italian law shall govern; and (b) disputes arising from the execution or interpretation of those Agreements shall be brought in Turin (Italy). More specifically, those Paragraphs provide as follows:

> 8.1   This Contract is governed by Italian law.
>
> 8.2   All disputes arising from the execution or interpretation of this Contract shall be subject to the exclusive jurisdiction of the Law Courts of Turin, leaving untouched the entitlement for the Lender alone to have resort to whatsoever other judicial authority which may be appropriate.

Id.

4.   <u>Claims Raised in Complaint</u>. Reply's Complaint raises seven causes of action against Defendants. Counts I (Breach of Contract) and III (Unjust Enrichment) are essentially identical claims based on alleged nonpayment of the loans pursuant to the Infragroup Loan Agreements. Counts II (Breach of Contract), IV (Fraudulent Transfer), V (Breach of Fiduciary Duty), VI (Gross Mismanagement), and VII (Corporate Waste), all arise from the alleged improper transfer of intellectual property without proper corporate approval required under the Purchase Agreement. The causes of action brought against the individual Defendants for Breach of Fiduciary Duty, Gross Mismanagement and Corporate Waste (Counts V, VI and VII), are all essentially derivative actions brought on behalf of Sensoria.

In essence, there are two basic alleged acts giving rise to claims in this action: (a) the alleged nonpayment of the debt obligation under the Infragroup Loan Agreements; and (b) the alleged improper transfer of assets without proper authority under the Purchase Agreement. All the claims other than for Breach of Contract (Counts I and II) flow from the same contractual obligations, transactional nexus and essential circumstances. Under the express terms of the Purchase Agreement and Infragroup Loan Agreements, those claims are subject to the laws and

MOTION
Sensoria.480.002 - 4

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM

jurisdiction of the Courts of Delaware and Italy, respectively.

## PROCEDURAL BACKGROUND

Plaintiff Reply filed this lawsuit on March 27, 2019.

## LEGAL STANDARDS/ARGUMENTS

Defendants seek dismissal of Reply's Complaint pursuant to FRCP 12(b)(1) for lack of subject-matter jurisdiction, FRCP 12(b)(3) for improper venue and pursuant to the doctrine of forum non conveniens. Alternatively, Defendants seek to change venue for such claims to Delaware and Italy as set forth in the contracts at issue and pursuant to the aforementioned doctrine of forum non conveniens and 28 U.S.C.S. § 1404(a).

1.  Motion to Dismiss Under FRCP 12(b)(1). Defendants ask the Court to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction under FRCP 12(b)(1) based on the forum selection clauses contained in the Purchase Agreement and Loan Agreement. The Court should grant that Motion for the reasons given below.

    a.  Standards Under FRCP 12(b)(1). FRCP 12(b)(1) provides that a Defendant, prior to filing an answer, may file a motion to dismiss for want of "subject-matter jurisdiction." The jurisdiction of Federal Courts is restricted to "cases" and "controversies." U.S. Const., Art. III, § 2. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The party asserting Federal Court jurisdiction bears burden of demonstrating its existence. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Federal Courts must "presume that [they] lack jurisdiction unless the contrary appears affirmatively from the record." Renne v. Geary, 501

MOTION
Sensoria.480.002 - 5

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM

U.S. 312, 316 (1991).

Accordingly, here, Reply, as the Plaintiff, has the burden of demonstrating the existence of subject-matter jurisdiction. Furthermore, in considering this Motion, the Court must "presume" it "lack[s]" such "jurisdiction" unless the record clearly shows otherwise.

   b. <u>Enforcement of Forum-Selection Clauses</u>. Federal Courts apply Federal law to determine the enforceability of forum-selection clauses. <u>Doe I v. AOL, LLC</u>, 552 F.3d 1077, 1083 (9th Cir. 2009). Such clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972). That exception is narrowly-construed. <u>Argueta v. Banco Mexicano, SA</u>, 87 F.3d 320, 325 (9th Cir. 1996). "A forum selection clause is unreasonable if (1) its incorporation into the contract is the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court'; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." <u>Id</u>. "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish the ground upon which [the Court] will conclude the clause is unenforceable." <u>Doe I</u>, 552 F.3d at 1083.

Here, the Court should enforce the forum-selection clauses contained in Paragraph 7.1 of the Purchase Agreement and Paragraph 8.2 of the Infragroup Loan Agreements. Those Paragraphs are "prima facie valid." Reply bears a "heavy burden" to establish that those Paragraphs are "unreasonable." Furthermore, there is nothing in the Complaint to even suggest such unreasonableness. Reply literally attached and incorporated by reference the Purchase Agreement and both Infragroup Loan Agreements as Exhibits A, B and C. The first two claims

MOTION
Sensoria.480.002 - 6

asserted under the Complaint are based on allegations of breach of those contracts. The remaining causes of action are all ultimately derived from the rights and obligations contained in those Agreements crafted in Italy by an Italian corporation. Nowhere in the Complaint does Reply allege "fraud, undue influence, or overweening of bargaining power." Nor has Reply made any allegation of grave difficulty or inconvenience that would deprive it of its day in Court. Indeed, Reply is based in Italy. The forum-selection clauses choosing Turin and Delaware impose no significant hardship on Reply. Likewise, there is absolutely no "strong public policy" that has been pleaded that would support disregarding the forum-selection clauses bargained for by the Parties when they entered into the contracts at issue. The Court should grant Defendants' Motion, enforce the forum-selection clauses contained in Paragraph 7.1 of the Purchase Agreement (selecting Delaware as the forum) and Paragraph 8.2 of the Infragroup Loan Agreements (selecting Turin, Italy as the forum) and dismiss Plaintiff's Complaint accordingly.

2. <u>Motion to Dismiss Under FRCP 12(b)(3)/Forum Non Conveniens</u>. In addition to the basis provided under FRCP 12(b)(1), the Court should dismiss Reply's Complaint under FRCP 12(b)(3) and pursuant to the doctrine of forum non conveniens because it was brought in the wrong forum despite the clear jurisdictional mandates of Paragraph 7.1 of the Purchase Agreement (submitting to the jurisdiction of the Courts of Delaware) and, especially, Paragraph 8.2 of the Infragroup Loan Agreements (submitting to the jurisdiction of the Courts of Turin, Italy).

a. <u>Standards Under FRCP 12(b)(3)</u>. Like FRCP 12(b)(1), FRCP 12(b)(3) permits a Defendant to file a motion to dismiss for improper venue prior to filing an answer. A Court may dismiss on the basis of FRCP 12(b)(3) where the "venue" is "improper"

MOTION
Sensoria.480.002 - 7

or "wrong." Alt. Marine Constr. Co. v. United States Dist. Court, 571 U.S. 49 (2013).

Here, this "venue" is "improper" and "wrong" because Paragraph 8.2 of the Infragroup Loan Agreements selects Turin, Italy as the proper forum and jurisdiction for claims arising under those Agreements. As discussed below, because the Parties selected a foreign jurisdiction, dismissal, rather than mere change of venue, is appropriate. However, it is significant for purposes of this analysis that Reply understandably pleaded broadly and reincorporated every allegation from its Complaint into each successive Count. Accordingly, it is difficult to precisely segregate which claims invoke solely the Delaware forum-selection clause contained in Paragraph 7.1 of the Purchase Agreement and which claims solely invoke the Italian forum-selection clause contained in Paragraph 8.2 of both Infragroup Loan Agreements. Accordingly, what makes sense for purposes of judicial economy is to simply dismiss Reply's Complaint and Plaintiff can, if it so desires, assert each of its claims in the proper forum selected by the Parties in their various contracts. The Court should dismiss Plaintiff's Complaint accordingly.

      b.    <u>Dismissal Under Doctrine of Forum Non conveniens</u>.   The Court should dismiss Reply's Complaint pursuant to the doctrine of forum non conveniens. Pursuant to the U.S. Supreme Court's determination in <u>Alt. Marine</u>, cited supra, "[i]f the designated forum is another federal forum, a transfer-of-venue motion under 28 U.S.C. § 1404(a) is proper…[a]nd if the designated forum is a foreign or state jurisdiction, a motion for forum non conveniens dismissal is the correct way to enforce the clause." Rachel Kincaid, Foreign Forum-Selection Frustrations: Determining Clause Validity in Federal Diversity Suits, <u>Stanford Journal of Complex Litigation</u> at 133 (Spring 2016)(citing <u>Alt. Marine</u>, 571 U.S. at 60.) As the Supreme Court held in <u>Alt Marine</u>, "the appropriate way to enforce a forum-selection clause

MOTION
Sensoria.480.002 - 8

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM

pointing to a state or foreign forum is through the doctrine of forum non conveniens…Section 1404(a) is merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." 571 U.S. at 60.

In Alt. Marine, the Supreme Court went on to analyze and enforce the forum-selection clause using a forum non conveniens analysis. Id. at 66-68. Because the clause at issue in that case designated another domestic forum, the Court ultimately held that a change of venue was appropriate pursuant to 28 U.S.C.S. § 1404(a). Id.

In so holding, the Court specifically ruled that "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum…" the Court is not required to give any "weight" to the "plaintiff's choice of forum," nor shall the Court consider "arguments about the parties [sic] private interests" or be bound by the "original venue's choice-of-law rules," including in the consideration of the "public-interest considerations." Id. at 62-64. With respect to the "private interest" factor, the Court went on to specifically hold that "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation." Id. at 64. Rather, "[a] court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. "'Whatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they[ agreed to do was clearly foreseeable at the time of contracting.'" Id. (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17-18 (1972).)

Here, there are valid forum-selection clauses in both the Purchase Agreement and the Infragroup Loan Agreements. Paragraph 7.1 of the Purchase Agreement contemplates

MOTION
Sensoria.480.002 - 9

submitting disputes to the jurisdiction of Delaware Courts. Paragraph 8.2 of the Infragroup Loan Agreements contemplates submitting disputes to the jurisdiction of the Courts of Turin, Italy. Again, Reply has understandably pleaded broadly and reincorporated all allegations into all Counts of its Complaint. Accordingly, it is difficult to meaningfully separate the claims subject to the jurisdiction of the Delaware Courts from those subject to the jurisdiction of the Italian Courts. Under Alt. Marine, the Supreme Court has held that forum-selection clauses should generally be followed and that, where such a clause invokes the jurisdiction of a foreign Court, the proper remedy is dismissal under the doctrine of forum non conveniens. As set forth in that decision, the potential inconvenience of litigating in that foreign court is affirmatively waived through the negotiation and execution of the forum-selection clause. Here, the Parties negotiated and agreed to litigate certain claims in Delaware and Italy, under the jurisdictions of those respective Courts and pursuant to their laws. The Court should enforce those provisions and dismiss Plaintiff's Complaint in accordance with the clear holding of Alt. Marine.

3. <u>Common Sense Dictates That Plaintiff's Complaint Should Be Dismissed</u>. Aside from the clear mandate contained in Alt. Marine, common sense dictates that Reply's Complaint should be dismissed. It would be an absolute nightmare to try to litigate this matter in Washington State, applying Delaware law in certain instances and Italian law in others. This holds particularly true since Plaintiff requested a jury trial. The Court will be required to learn and instruct the jury on not one, but the laws of two entirely different jurisdictions. Presumably, the laws of Italy will have to be translated. Even then, they will be subject to miscomprehension based on linguistic and cultural differences. Not only the jury, but the Court will have to acquaint itself with two highly-complex areas of law from two completely separate legal systems. It makes no sense to do that. What does make sense is for the Court to dismiss

MOTION
Sensoria.480.002 - 10

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM

this action and for Reply to reconfigure its claims, if it chooses to pursue them, so that it brings each cause of action in the appropriate venue. The Court should grant Defendants' Motion accordingly.

4. <u>Alternatively, the Court Should Order a Change of Venue to Delaware Under 28 U.S.C.S. § 1404(a)</u>. In the alternative to the above, the Court should order a change of venue to the U.S. District Court for the District of Delaware, at least with respect to any claims falling under the purview of Paragraph 7.1 of the Purchase Agreement. More specifically, to the extent it does not dismiss those claims outright as requested above (which it should do), the Court should order that venue be changed to Delaware as to Counts II (Breach of Contract relating to the Purchase Agreement), along with the derivative corporate claims contained in Counts IV (Fraudulent Transfer), V (Breach of Fiduciary Duty), VI (Gross Mismanagement), and VII (Corporate Waste). In such an event, the remaining Counts I (Breach of Contract relating to the Infragroup Loan Agreements) and III (Unjust Enrichment arising from the loans that are the subject matter of those Infragroup Loan Agreements) should still be dismissed as set forth in the preceding sections.

28 U.S.C.S. § 1404(a) generally provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

As the U.S. Supreme Court held in <u>Alt. Marine</u>, 28 U.S.C.S. § 1404(a) applies the "doctrine of forum non conveniens" to the "subset of cases in which the transferee forum is within the federal court system," supporting "transfer" over "outright dismissal." 571 U.S. at 60.

MOTION
Sensoria.480.002 - 11

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM

Here, if the Court does not dismiss the claims arising in relation to the Purchase Agreement outright, it should order that venue be changed to the U.S. District Court for the State of Delaware under 28 U.S.C.S. § 1404(a) and in accordance with Paragraph 7.1 of that Purchase Agreement.

5. <u>Attorney's Fees and Costs</u>. The Court should award Defendants their reasonable attorney's fees and costs pursuant to the Purchase Agreement and Infragroup Loan Agreements.

## CONCLUSION

Based on the foregoing, the Court should enter an Order dismissing Reply's Complaint pursuant to FRCP 12(b)(1), FRCP 12(b)(3) and the doctrine of forum non conveniens based on the forum-selection clauses contained in the contracts at issue. Alternatively, the Court should dismiss those claims arising from the Infragroup Loan Agreements, which contain a forum-selection clause vesting jurisdiction in Italy, and change the venue for those causes of action arising from the Purchase Agreement, which contains a forum-selection clause vesting jurisdiction in Delaware. The Court should also award Defendants' their attorney's fees and costs.

DATED this 18th day of April 2019.

By: _____/s/_____
**Patrick L. Vail**, WSBA 34513
Attorney for Defendants

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM

Honorable John C. Coughenour, Judge

US DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| REPLY S.P.A, <br><br> Plaintiff, <br><br> vs. <br><br> SENSORIA INC., AND SENSORIA HOLDINGS LTD., DR DAVIDE VIGADO, AND MAURIZIO MACAGNO, <br><br> Defendants. | Civil Action No. 2:19-cv-00450 <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b) <br><br> [PROPOSED] <br><br> (Clerk's Action Required) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)

This matter came on regularly for hearing before the Court before the Honorable John C. Coughenour, Judge on Defendants' Motion to Dismiss Under FRCP 12(b) or Change Venue, and the Court, having review the Motion, along with the Verified Complaint and all Exhibit thereto, and having considered any Response and Reply Memoranda filed by the Parties in support of and opposition to said Motion, and having reviewed the records of this case, and being otherwise advised on the bases for the aforementioned Motion,

NOW THEREFORE,

ORDER
Sensoria.480.002 - 1

PATRICK L. VAIL, PLLC
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM

THE COURT ORDERS, FINDS AND DECREES AS FOLLOWS:

1. The Court GRANTS Defendants' Motion to Dismiss Under FRCP 12(b);

2. The Court FINDS that it lacks subject-matter jurisdiction and that the doctrine of forum non conveniens and the forum-selection clauses contained in the Purchase Agreement and Loan Agreements attached as Exhibits A, B and C to the Verified Complaint require dismissal of all claims, causes of action and counts contained in said Complaint;

3. The Court ORDERS that Plaintiff's Verified Complaint and all claims, causes of action and counts contained therein are hereby dismissed without prejudice;

4. The Court ORDERS that Defendants shall have a judgment against Reply S.P.A. in the amount of $_____ for their reasonable attorney's fees and costs under the Purchase Agreement and Loan Agreements attached as Exhibits A, B and C to the Verified Complaint; and

5. _____
   _____.

SIGNED this _____ day of _____ 2019.

_____
Honorable John C. Coughenour, Judge

ORDER
Sensoria.480.002 - 2

**PATRICK L. VAIL, PLLC**
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM

1. Presented by:

2. PATRICK L. VAIL, PLLC

3.

4. By: /s/_____
   **Patrick L. Vail**, WSBA 34513
5. Attorney for Defendants

6. Copy received, approved as to form, notice of presentation waived:
7. Presented by:

8. LANE POWELL PC

9.

10. By: _____
    **Barbara Duffy**, WSBA _____
11. **Jessica N. Walder**, WSBA _____
12. Attorney for Plaintiff

ORDER
Sensoria.480.002 - 3

**PATRICK L. VAIL, PLLC**
1000 SECOND AVENUE, SUITE 1770
SEATTLE, WASHINGTON 98104
(206) 624-5824   FAX (206) 694-4601
PVAIL@PVAILLAW.COM