UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REPLY S.P.A., <br><br> Plaintiff, <br><br> v. <br><br> SENSORIA, INC., *et al.,* <br><br> Defendants. | CASE NO. C19-0450-JCC <br><br> ORDER |

This matter comes before the Court on Defendants' motion to dismiss or, in the alternative, to transfer (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion in part and DENIES the motion in part, for the reasons explained herein.

## I. BACKGROUND

On July 18, 2014, Plaintiff Reply S.P.A. purchased a majority share of stock in Defendant Sensoria, Inc. ("Sensoria"). (Dkt. No. 1 at 2.) The purchase was made pursuant to a purchase agreement signed by the parties (the "Purchase Agreement"). (*Id*. at 2–3.) The Purchase Agreement includes a governing law provision, which states:

> The parties agree that any action brought by either party under or in relation to this agreement, including without limitation to interpret or enforce any provision of this agreement, shall be brought in, and each party agrees to, and does hereby submit to the jurisdiction and venue of, any state court located in Wilmington, Delaware or any federal court located in the district of Delaware.

(the "Delaware Forum Selection Clause"). (Dkt. No. 1 at 38.)

In March 2016, Plaintiff executed an infragroup financing contract with Defendant Davide Vigano, who negotiated the contract on behalf of Sensoria (the "March 2016 Contract"). (*Id.* at 3.) Vigano is a board member of Sensoria. (*Id.* at 5.) Pursuant to that contract, Plaintiff agreed to lend Sensoria 230,000 euros. (*Id.*) In October 2016, Plaintiff executed another infragroup financing contract with Vigano (the "October 2016 Contract"). (*Id.*) Pursuant to the October 2016 Contract, Plaintiff agreed to lend Sensoria another 1,000,000 euros. (*Id.*) The October 2016 Contract was later amended to reduce the amount to $1,075,000. (*Id.*) Both the March 2016 Contract and the October 2016 Contract (collectively, the "Loan Agreements") contain identical governing law provisions, which state:

> 8.1   This contract is governed by Italian Law.
> 8.2   All disputes arising from the execution or interpretation of this Contract shall be subject to the exclusive jurisdiction of the Law Courts of Turin, leaving untouched the entitlement for the Lender alone to have resort to whatsoever other judicial authority which may be appropriate.

(the "Italy Forum Selection Clause"). (Dkt. No. 22 at 4.)

In July 2017, Sensoria granted an exclusive license of all of its authored work and intellectual property (the "Assets") to Defendant Sensoria Holdings LTD ("Sensoria Holdings"). (Dkt. No. 1 at 4–5.) Defendant Maurizio Macagno, a board member of Sensoria, negotiated the agreement on behalf of Sensoria. (*Id.* at 4.) Plaintiff alleges that the Assets were worth approximately $20,000,000. (*Id.*) Sensoria Holdings purchased the exclusive licensing rights to the Assets for $247,000. (*Id.*) The transfer of the Assets also triggered Sensoria's liquidation, in accordance with its Certification of Incorporation. (*Id.*)

Plaintiff brings the following claims: breach of contract against Sensoria for its failure to pay its debts, in violation of the Loan Agreements ("Count One"); breach of contract against Sensoria for its failure to allow a vote on the transfer of the Assets, in violation of the Purchase Agreement ("Count Two"); unjust enrichment as an alternative to Counts One and Two ("Count

Three"); fraudulent transfer against Sensoria and Sensoria Holdings, in violation of the Uniform Voidable Transaction Act, Wash. Rev. Code § 19.40 ("Count Four"); breach of fiduciary duty against Defendants Macagno and Vigano ("Count Five"); gross mismanagement against Defendants Macagno and Vigano ("Count Six"); and corporate waste against Defendants Macagno and Vigano ("Count Seven"). (*Id.* at 7–12.) Defendants move to dismiss Plaintiff's claims on the grounds of subject matter jurisdiction, improper venue, and *forum non conveniens* or, in the alternative, to transfer venue. (Dkt. No. 22.)

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal if the Court lacks subject matter jurisdiction over the claims at issue. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, the Court may only entertain this action if there is either diversity or federal question jurisdiction. *See* 28 U.S.C. §§ 1331–32. The Court has jurisdiction over cases premised on diversity jurisdiction only where the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Plaintiff asserts that the Court has diversity jurisdiction over its claims against each Defendant. (Dkt. No. 1 at 2.) Plaintiff is a foreign corporation headquartered in Turin, Italy. (*Id.*) Defendants Macagno and Vigano are residents of Washington. (*Id.*) Sensoria is incorporated in Delaware and has its principal place of business in Washington. (*Id.*) Sensoria Holdings is a limited liability company, with all partners residing in Washington. (*Id.*) Therefore, Sensoria Holdings is a resident of Washington. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, because Plaintiff is diverse from all Defendants, complete diversity exists. *See* 28 U.S.C. 1332(a)(2); *see also Sinotrans Container Lines Co., Ltd. v. N. China Cargo Servs.*, 380 F. App'x 588, 590 (9th Cir. 2010). The total amount in controversy in

this case exceeds $75,000. (*See* Dkt. No. 1.) Therefore, the Court has diversity jurisdiction over Plaintiff's claims. Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

**B.     Venue**

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(3) if the case is filed in a federal district where venue is not proper. Venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located. 28 U.S.C. § 1391(b)(1).

Plaintiff asserts that venue is proper in the Western District of Washington because all Defendants are residents of Washington. Defendants Macagno and Vigano are residents of Washington. (Dkt. No. 1 at 2.) Sensoria is incorporated in Delaware and has its principal place of business in Washington; therefore, it is a citizen of both Delaware and Washington. 28 U.S.C. § 1332(c)(1); (Dkt. No. 1 at 2). Sensoria Holdings is a limited liability company, with all of its members residing in Washington. (Dkt. No. 1 at 2.) Therefore, Sensoria Holdings is a resident of Washington. *See Johnson,* 437 F.3d at 899. The Court finds that all Defendants are residents of Washington, and therefore, venue is proper in the Western District of Washington. Defendants' motion to dismiss for improper venue is DENIED.

**C.     *Forum Non Conveniens***

When an alternative forum has jurisdiction to hear the case, and when trial in the plaintiff's chosen forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems," the Court may, in the exercise of its sound discretion, dismiss the case on *forum non conveniens* grounds. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (quoting *Koster v. (Am.) Lumbermens Mut. Casualty Co*., 330 U.S. 518, 524 (1947)). A party moving to dismiss on the grounds of *forum non conveniens* must show: (1) that the balance of private and public interest

factors favors dismissal; and (2) the existence of an adequate alternative forum. *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009). This showing must overcome the great deference given to the plaintiff's forum selection. *See id.*

The private factors the Court considers are: (1) access to sources of proof; (2) the availability of witnesses; and (3) enforceability of a judgment. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947). The public factors the Court considers are: (1) whether the trial will involve multiple sets of laws; (2) selecting juries who may have a connection to the case; (3) local interest in having local disputes heard at home; and (4) in diversity cases, having the trial in a forum that is at home with the state law that must govern the case. *Id.*

When the Court is presented with a valid forum selection clause between the parties, the *forum non conveniens* analysis is altered. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 49–50, 61 (2013). Under the altered analysis, the Court will deem the private factors to weigh entirely in favor of dismissal and will only consider public interest factors weighing against dismissal. *Id*. In order to grant a motion to dismiss under *forum non conveniens*, the moving party must also show that the transferee court is an adequate alternative forum—one in which the case could have been brought. *Id*.

### 1. Count One

The contracts at issue in Count One, the Loan Agreements, contain the Italy Forum Selection Clause, which states:

> 8.1  This contract is governed by Italian Law.
> 8.2  All disputes arising from the execution or interpretation of this Contract shall be subject to the exclusive jurisdiction of the Law Courts of Turin, leaving untouched the entitlement for the Lender alone to have resort to whatsoever other judicial authority which may be appropriate.

(Dkt. No. 1 at 125–26.) Enforcement of a forum selection clause necessarily entails interpretation of the clause before it can be enforced. *Manetti-Farrow, Inc. v. Gucci Am., Inc*., 858 F.2d 509, 513 (9th Cir. 1988). Defendants argue that Count One should be dismissed because the first part

of the Italy Forum Selection Clause mandates that dispute resolution is within the "exclusive jurisdiction of the Law Courts of Turin." (*See* Dkt. No. 22.) Plaintiff argues that the second part of the Italy Forum Selection Clause indicates that Plaintiff is not bound by the Italy Forum Selection Clause and may bring its claims in any court it finds suitable. (Dkt. No. 27 at 8–9.) In other words, Plaintiff argues that the first clause of the Italy Forum Selection Clause confines only Sensoria to the Law Courts of Turin. (Dkt. No. 32 at 1–3.)

Plaintiff's interpretation is inconsistent with the plain meaning of the Italy Forum Selection Clause. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Plaintiff's interpretation would render the first clause of the provision ambiguous at best and superfluous at worst. The first clause does not state that only Sensoria is required to bring disputes in the Law Courts of Turin; rather, the plain language of the first clause says that *all* disputes arising from the execution or interpretation of the contract are subject to the exclusive jurisdiction of the Law Courts of Turin. (*See* Dkt. No. 1 at 125–26.) The second clause appears to provide Plaintiff with relief in another specialized Italian court if it seeks specialized relief not available in the Law Courts of Turin. (*See* Dkt. No. 33 at 5.) This is further supported by Section 8.1 of the Loan Agreements, which mandates that Italian law govern the interpretation of the contract. (Dkt. No. 1 at 125.) Therefore, the Court finds that the Italy Forum Selection Clause mandates that disputes arising from the Loan Agreements are to be litigated in the Law Courts of Turin, or another specialized Italian court.

The Law Courts of Turin are a foreign court, therefore the doctrine of *forum non conveniens* is applicable to claims subject to the Italy Forum Selection Clause. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 429 (2007). Because the Court interprets the Italy Forum Selection Clause to mandate contract disputes to be heard in Italy, the Court next determines whether the forum selection clause is valid. *See Manetti-Farrow, Inc.,* 858 F.2d at 513. A valid forum selection clause must be given "controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 49, 60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*,

487 U.S. 22, 33 (1988)). Forum selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). A forum selection clause is invalid if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of its day in court were the clause enforced; or (3) enforcement would contravene a strong public policy of the forum in which suit is brought. *Id*.

Plaintiff does not allege that the inclusion of the Italy Forum Selection Clause was the product of fraud or overreaching. (*See* Dkt. No. 27.) Plaintiff, an Italian corporation, authored the Loan Agreements. (Dkt. No. 1 at 124.) Nor does Plaintiff allege that it will deprived of its day in court if forced to bring its claims in an Italian court. (*See* Dkt. No. 27.) And Defendants have cited several authorities demonstrating that Italian courts routinely exercise jurisdiction over international contract disputes and can provide a remedy should Plaintiff prevail in its breach of contract claim. (Dkt. No. 33 at 2–5.)

Plaintiff only argues that enforcing the Italy Forum Selection Clause would contravene a strong Washington public policy. (*See* Dkt. No. 27.) Enforcing a choice of venue clause is invalid under the third prong of *Bremen* if "enforcement would contravene a strong public policy . . . whether declared by statute or by judicial decision." *Doe 1,* 552 F.3d at 1077 (quoting *Bremen*, 407 U.S. at 15). Plaintiff contends that Washington courts have declared that forum selection clauses should be invalidated when they move an essentially local dispute to a contractual forum with no relation to the dispute. (Dkt. No. 27 at 6–7) (citing *Exum v. Vantage Press, Inc*., 563 P.2d 1314, 1315 (Wash. Ct. App. 1977); *Lambert v. Kysar*, 983 F.2d 1110, 1120 (1st Cir. 1993)). However, even assuming Plaintiff's cases demonstrate a Washington public policy, Plaintiff does not fully state the rule announced in *Exum* and *Lambert*. *See Exum*, 563 P.2d at 1315; *Lambert*, 983 F.2d at 1120. In *Lambert*, the Court said: "[w]e think *Exum* and, more importantly, *Gold Seal Chinchillas*, fall within the [third *Bremen*] exception because . . . in each case, the defendant sought transfer of an 'essentially local dispute' to a selected forum

which was *alien to all parties." Id.* (last emphasis added). Italy is simply not an alien forum to Plaintiff—Plaintiff is headquartered in Turin, Italy. (Dkt. No. 1 at 1.) And Plaintiff operates seven offices in Italy and maintains significant contacts with Italy— the forum that *it* selected to litigate disputes arising out of the Loan Agreements. (*Id.* at 123.) Therefore, Plaintiff has not shown a strong public policy in favor of invalidating the Italy Forum Selection Clause. The Court finds that the Italy Forum Selection Clause in the Loan Agreements is valid.

In the presence of a valid forum selection clause, the private interest factors in the *forum non conveniens* analysis weigh entirely in favor of dismissal. *See Atl. Marine*, 571 U.S. at 49. Therefore, the Court only analyzes whether public interest factors militate in favor of denying the motion to dismiss under *forum non conveniens*. *Id*. "Public-interest factors will rarely defeat a [motion to dismiss], the practical result is that forum-selection clauses should control except in unusual cases." *Id*. There are no public interest factors that overcome the presumption of dismissal in this case. (*See* Dkt. No. 27.) On the other hand, several of the public interest factors weigh in favor of dismissal. Dismissal of Count One will prevent any court from having to preside over litigation involving at least three sets of laws. (Dkt. No. 22 at 10.) Additionally, dismissing Count One in favor of litigation in Italy results in the issue being tried in a forum where the presiding court can apply its own law. (*Id*. at 11.) Neither of the remaining two factors, selecting juries who may have a connection to the case, and local interest in having local disputes heard at home, weigh heavily in favor of Plaintiff. For these reasons, the Court finds that both the public and the private factors weigh in favor of dismissal.

Finally, the Court must determine that the Law Courts of Turin are an adequate alternative forum for Count One before it can dismiss the claim. *See Atl. Marine*, 571 U.S. at 49. Both Plaintiff and Sensoria consented to the exercise of jurisdiction by an Italian court when they signed the Loan Agreements, which contained the Italy Forum Selection Clause. (Dkt. No. 1 at 125–26.) Therefore, the Court finds that Defendants' motion to dismiss Count One on the grounds of *forum non conveniens* is a meritorious ground for dismissal.

However, because the Court finds that Count Two should be transferred to the District of Delaware, *see infra* Section II.D.1, the Court finds that it is likely more convenient for both parties if the Court also transfers Count One to the District of Delaware, and then the parties and that court can determine whether Count One should be dismissed in favor of litigation in Italy or resolved in the District of Delaware. *See infra* Section II.D.2. Therefore, Defendants' motion to dismiss Count One on the grounds of *forum non conveniens* is DENIED without prejudice.

### 2. Count Two

The contract at issue in Count Two, the Purchase Agreement, contains the Delaware Forum Selection Clause, which states:

> The parties agree that any action brought by either party under or in relation to this agreement, including without limitation to interpret or enforce any provision of this agreement, shall be brought in, and each party agrees to, and does hereby submit to the jurisdiction and venue of, any state court located in Wilmington, Delaware or any federal court located in the district of Delaware.

(Dkt. No. 1 at 38.) Defendants argue that Count Two should be dismissed because the Delaware Forum Selection Clause mandates that dispute resolution take place in "any state court located in Wilmington, Delaware or any federal court located in the district of Delaware." (Dkt. No. 1 at 38.) The doctrine of *forum non conveniens* has continuing application in federal courts only in cases where the alternative forum is abroad. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994). The doctrine is only applicable to dismissal in favor of state court in rare instances where a state or territorial court serves litigational convenience best. *Sinochem Int'l Co. Ltd.*, 549 U.S. at 429.

Though the Delaware Forum Selection Clause contemplates litigation in both state and federal district court, dismissal under *forum non conveniens* is appropriate only if the forum selection clause "confines [the parties] to a specific state court." *Carrano v. Harborside Healthcare Corp.*, 199 F.R.D. 459, 462–63 (D. Conn. 2001); *see also Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 836 (N.D. Cal. 2018). In this case, the Delaware Forum Selection Clause explicitly allows for dispute resolution in a federal court in the District of Delaware. (Dkt. No. 1

at 38.) Additionally, Defendants have made no showing that the state courts of Delaware best serve the litigational convenience of both parties. (*See* Dkt. No. 27.) Absent this showing, the Court has no basis for finding that the state courts of Delaware serve litigation of this dispute best. Therefore, Defendants' motion to dismiss Count Two under *forum non conveniens* is DENIED.[1]

### 3. *Counts Four, Five, Six, and Seven*

Plaintiff alleges Counts Four, Five, Six, and Seven against Sensoria Holdings, Macagno, and Vigano. (*See* Dkt. No. 1.) Because these Defendants are not subject to either the Italy Forum Selection Clause or the Delaware Forum Selection Clause, and because Defendants allege no other basis for dismissal on the grounds of *forum non conveniens* as to these Counts, Defendants' motion to dismiss Counts Four, Five, Six, and Seven on the grounds of *forum non conveniens* is DENIED.

**D.     Motion to Transfer**

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). The party moving for transfer must show: (1) that the venue sought is one where the action might have been brought; and (2) that the convenience of parties and witnesses in the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). The action may have been brought in another court if the transferee court would have jurisdiction over the parties and the claim and venue would be appropriate in the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). In deciding whether the convenience of the parties favors transfer, the Court analyzes the same public and private factors as it does in analyzing a motion to dismiss under *forum non conveniens*. *See Atl. Marine*, 571 U.S. at 49–50; *see also Gulf Oil Corp.*, 330

---

[1] Defendants' motion to dismiss Count Three on the grounds of *forum non conveniens* is DENIED without prejudice.

U.S. at 508–09; *supra* Section II.C.

   *1. Count Two*

Defendants ask that Count Two be transferred to the federal district court for the District of Delaware. (Dkt. No. 22 at 11.) To support its argument, Defendants cite the Delaware Forum Selection Clause mandating dispute resolution in "any state court located in Wilmington, Delaware or any federal court located in the district of Delaware." (Dkt. No. 1 at 38.) Personal jurisdiction is proper in the District of Delaware because the district court would have general jurisdiction over Defendant Sensoria, since it is incorporated there. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); (Dkt. No. 1 at 2). Subject matter jurisdiction is proper in the District of Delaware because diversity is not destroyed when the claim is transferred. *See* 28 U.S.C. § 1332. And venue is proper in the District of Delaware because Sensoria resides there. 28 U.S.C. § 1391. Finally, both Plaintiff and Sensoria consented to jurisdiction and venue in the District of Delaware when they signed the Purchase Agreement. (*See* Dkt. No. 1 at 38.) For these reasons, the Court finds that Count Two could have been brought in the District of Delaware.

As in a motion to dismiss under *forum non conveniens*, a valid forum selection clause must be given "controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 49, 60. Plaintiff does not dispute Defendants' interpretation of the Delaware Forum Selection Clause, which mandates resolution of any dispute in any state court located in Wilmington, Delaware or any federal court located in the District of Delaware. (*See* Dkt. No. 27.) Plaintiff argues that, under the third *Bremen* exception, the Delaware Forum Selection Clause is invalid for the same reason it argues that the Italy Forum Selection Clause is invalid. *See supra* Section II.C.1. For the reasons previously discussed, the Court finds that the Delaware Forum Selection Clause in the Purchase Agreement is valid. *See supra* Section II.C.1. Therefore, the Court finds that because the Delaware Forum Selection Clause is valid, the private interest factors weigh entirely in favor of transfer. *See Atl. Marine*, 571 U.S. at 49. There are no public interest factors that overcome the presumption that the Delaware Forum Selection Clause is valid. On the other

hand, several public interest factors weigh in favor of transfer. Transferring this cause of action will prevent litigation involving multiple sets of laws. And a district court in the District of Delaware is well-suited to apply Delaware law in this case. For these reasons, Defendants' motion to transfer Count Two is GRANTED, and the Court hereby TRANSFERS Count Two to the United States District Court for the District of Delaware.

### 2. Count One

As mentioned above, the Court finds that, because Count One is subject to dismissal on the grounds of *forum non conveniens*, it is more convenient for the parties and in the interest of justice to transfer Count One and then let the parties and the district court in the District of Delaware determine whether dismissal or resolution of Count One is appropriate. *See supra* Section II.C.1. Similarly to Count One, Sensoria is the Defendant against whom Count Two is brought; therefore, the district court in the District of Delaware has personal jurisdiction over Sensoria, and venue is proper in that district. *See supra* Section II.D.1. Therefore, Count One could have been brought in the District of Delaware.

To determine whether transfer is appropriate, the private factors the Court considers are: (1) access to sources of proof; (2) the availability of witnesses; and (3) enforceability of a judgment. *Gulf Oil Corp.*, 330 U.S. at 508–09. Count One is a breach of contract cause of action, where access to sources of proof is not a particularly relevant factor. (*See* Dkt. No. 1 at 7–8.) Although many of Sensoria's witnesses may be in Washington (Dkt. No. 27 at 7), overall, it will be more convenient for Count One to be transferred to Delaware because Sensoria will already be litigating Count Two, which is highly related to Count One. (*See* Dkt. No. 1 at 7–9.) Therefore, the presence of Sensoria's witnesses in Washington is negated by the fact that Count Two will be litigated in Delaware. This same fact is true for Plaintiff's witnesses—Plaintiff will already be litigating Count Two in Delaware, so having Count One in the same court is more convenient than litigating the two causes of action across the country from each other. Additionally, Delaware is a convenient forum for Sensoria because it is its place of

incorporation. (*See id.* at 2.) Finally, just as this Court would, the District of Delaware will be able to impart a judgment that is enforceable. Beyond the traditional private interest factors, the most important factor to the Court is: if the Court does not transfer Count One, it is subject to dismissal on the grounds of *forum non conveniens*. *See supra* Section II.C.1. Transferring Count One, so that it can potentially be litigated with Count Two or dismissed by the District of Delaware, is more convenient for all parties than dismissal at this stage.

Many of the public interest factors are neutral as to Count One. *See Gulf Oil Corp.*, 330 U.S. at 508–09. Although transferring Count One will result in the district court in the District of Delaware potentially having to consider both Delaware and Italian law, leaving Count One here will also result in that same problem. And the district court in the District of Delaware could determine that dismissal of Count One is appropriate once it is transferred there. The second factor is neutral in this case—neither a Washington jury nor a Delaware jury will have a high level of connection to this case. The third factor is neutral as well—although some of the conduct may have taken place in Washington (Dkt. No. 27 at 7), Sensoria is a Delaware corporation, and litigating Count One with Count Two is more appropriate than litigating the causes of action in different forums. The fourth factor is irrelevant in the same way that the third factor is irrelevant. Again, most important to the Court is that the alternative to transfer is dismissal. *See supra* Section II.C.1. Transfer is more convenient for all parties than outright dismissal at this stage. Therefore, the Court finds that the convenience of parties and witnesses and the interest of justice favor transfer of Count One. *See Hatch*, 758 F.2d at 414. Count One is hereby TRANSFERRED to the United States District Court for the District of Delaware, and the parties and the district court in the District of Delaware can determine whether litigation or dismissal is appropriate.[2]

### 3. Count Four

In Count Four, Plaintiff asserts that Sensoria and Sensoria Holdings engaged in a

---

[2] Because Count Three is an alternative to Counts One and Two, Count Three is TRANSFERRED to the United States District Court for the District of Delaware.

ORDER
C19-0450-JCC
PAGE - 13

fraudulent transfer in violation of Wash. Rev. Code § 19.40. (Dkt. No. 1 at 9–10.) In order to grant a motion to transfer, the moving party must first show that the claim is one that could have been brought in the transferee court. *Hatch*, 758 F.2d at 414. Defendants have made no showing that the District of Delaware has jurisdiction over Sensoria Holdings. Unlike Sensoria, Sensoria Holdings is not "at home" in the District of Delaware, and the district court would therefore not have general jurisdiction over Sensoria Holdings. *See Daimler AG*, 571 U.S. at 137; (Dkt. No. 1 at 2). And Defendants have made no showing that the District of Delaware would be able to exercise specific jurisdiction over Sensoria Holdings—Defendants do not allege that Sensoria Holdings has any contacts whatsoever in Delaware. (*See* Dkt. No. 22.) For these reasons, Defendants' motion to transfer Count Four is DENIED.

*4. Counts Five, Six, and Seven*

In Counts Five, Six, and Seven, Plaintiff asserts claims for breach of contract, gross mismanagement, and corporate waste against Defendants Macagno and Vigano. As with Count Four, Defendants have made no showing that the District of Delaware has jurisdiction over Defendants Macagno and Vigano. (*See* Dkt. No. 22.) Defendants Macagno and Vigano both reside in Washington. (Dkt. No. 1 at 2.) And Defendants have not alleged that Defendants Macagno and Vigano have any contacts whatsoever in Delaware. Therefore, Defendants' motion to transfer Counts Five, Six, and Seven is DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative, to transfer (Dkt. No. 22) is GRANTED in part and DENIED in part.[3] Counts One, Two, and Three are

---

[3] Defendants also ask the Court to award them attorney fees in bringing this motion, pursuant to the Purchase Agreement and Loan Agreements. (Dkt. No. 22 at 12.) As a preliminary matter, the Court found a provision that awards attorney fees to the "prevailing party" in only the Purchase Agreement. (Dkt. No. 1 at 41.) Nevertheless, Defendants have not established that they should be considered the "prevailing party" under the provision with regard to causes of action that are transferred or dismissed on procedural grounds. Therefore, the Court finds this request premature and DENIES it without prejudice.

TRANSFERRED to the United States District Court for the District of Delaware. This lawsuit is STAYED pending the resolution of Counts One, Two, and Three or until further motion of either of the parties. The parties are ORDERED to notify the Court when Counts One, Two, and Three are resolved. The status conference, currently set for August 6, 2019 (Dkt. No. 25), is VACATED.

DATED this 30th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE